**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7236**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT ISAAC NELSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. David C. Norton, District Judge. (2:09-cr-00295-DCN-2; 2:14-cv-01318-DCN)

Submitted: February 22, 2018                    Decided: March 9, 2018

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Robert Isaac Nelson, Appellant Pro Se. Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Isaac Nelson seeks to appeal the district court's text order dismissing without prejudice his 28 U.S.C. § 2255 (2012) motion under Fed. R. Civ. P. 41(a)(2). Generally, a voluntary dismissal without prejudice under Rule 41(a)(2) is not appealable "because it is not an involuntary adverse judgment" against the appellant. *Unioil v. E.F. Hutton & Co.*, 809 F.2d 548, 555 (9th Cir. 1986), *overruled in part on other grounds by In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434-35 (9th Cir. 1996).

Nelson's original pro se § 2255 motion, filed in 2014, challenged his Sentencing Guidelines career offender designation. After the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding residual clause of Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) (2012), unconstitutionally vague), appointed counsel supplemented Nelson's § 2255 motion, arguing that, under *Johnson*, Nelson's career offender designation violated his right to due process. Nelson's § 2255 motion was stayed pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2016) (holding advisory Guidelines not subject to vagueness challenge under Due Process Clause and therefore career offender Guideline's residual clause not void). After *Beckles* issued, Nelson's counsel requested that Nelson's § 2255 motion be dismissed without prejudice pursuant to Rule 41(a)(2). Counsel indicated that Nelson agreed to the dismissal. In a text order, the district court dismissed the § 2255 motion without prejudice.

Because a Rule 41(a)(2) dismissal without prejudice is generally not appealable, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*